Totten, J.,
delivered the opinion of the court.
This proceeding is a motion by Achilles' Hare, in the circuit court of Jackson, against Merlin Young, as clerk of said court and his sureties for $105 37 cents, jail fees due the plaintiff, in the case of the State vs. Peyton D. Phillips. The fees were regularly taxed, and with the other costs in the case,'were paid by the State treasurer to Merlin Young, as clerk of said court. The court rendered judgment for the balance due from which judgment the clerk and his sureties have appealed in error to this court.
1st. It is objected that the notice is defective, and that it was not pursued in the action of the court. We consider the *304 notice quite sufficient, in stating the nature of the demand and the time and place the motion would be made. It was served on the clerk on the 26th October, 1847, and in pur-surance thereof, the motion was made at the November term, 1847, of the court, but not disposed of till many terms after. In the meantime, Merlin Young, the clerk and only party entitled to notice, appeared and defended the motion. If the notice were defective, this would certainly cure it, but we think it was not defective.
2nd. The judgment is against the administrators of two of the sureties, and it is objected that they are protected by the act of two years limitation. But we regard the service of the notice, in a case like this, as the institution of the suit. The notice is to be regarded as a suit, it being a legal demand of the plaintiff’s rights, and the notice required by the statute is in the nature of a leading process. Now, the two years had not elapsed before the service of the notice, and therefore the limitation does not here apply.
3rd. The clerk admitted by a statement in writing, that as clerk, he had received from the State treasurer, the fees in question. This statement was admitted in evidence on the trial of the motion. The sureties objected upon the ground, that admissions made by the clerk, not in the performance of his office, were not to be taken as competent evidence against the sureties.
In an action against the surety upon his collateral undertaking, the general rule is, that if the declarations of the principal were made during the transaction of the business for which the surety was bound, so as to become part of the res gesta, they are admissible as evidence, otherwise not. “The surety is considered as bound only for the actual conduct of the party and not for whatever he might say he had done, and therefore is entitled to proof of his conduct by original evidence where it can be had, excluding all declarations *305 of the principal, made subsequent to the act to which they relate, and out of the course of his official duty.” 1 Greenleaf Ev., sec. 187; Smith vs. Whittington, 6 C. & P. 78.
But these motions given by statute against clerks, sheriffs and other officers, are out of the ordinary course of the common law. The officer alone, is required to be notified of the motion, that he may appear and defend it, and if on the trial, he appear to be liable, the judgment is against him, and his official bond being produced, it is entered against his sureties likewise, though they were not notified and did not appear and defend. If the judgment were founded upon a false state of facts, however conclusive it might be as to the principal, the sureties are not without remedy, as they would be entitled to their writ of error coram nobis to reverse it. The judgment would he prima facie valid against the sureties, and the onus of proving it to be a false or unjust judgment rests upon them. East vs. Gannon, 1 Hum. R. 471.
We do not however deny, but that to avoid this inconvenience, the sureties might appear voluntarily in the first instance and defend the motion against them.
But in the case before us, the evidence in question was material and competent to show the liability of the clerk, and it could not therefore be rejected. There was also other evidence leading to show the same facts, and we do not consider that any error has been committed for which we should reverse. The judgment will therefore, be affirmed.